Territory v. Pratt.

[No. 923.    August 28, 1902.]

THE TERRITORY OF NEW MEXICO, Appellant, v.
LE GRANDE E. PRATT, Appellee.

### SYLLABUS.

Appeal lies only from final judgment in a criminal case.

Appeal from the district court of Chaves county,
before DANIEL H. McMILLAN, Associate Justice.    Ap-
peal dismissed.

EDWARD L. BARTLETT, Solicitor-General, and
GEORGE W. PRITCHARD, District Attorney, for appellant.

In this Territory while the Supreme Court may af-
firm, reverse or modify a judgment of the lower court,
or render such judgment as that court should have ren-
dered in a civil case—in a criminal appeal this court—
"if the judgment be reversed, shall direct a new trial, or
that the defendant be absolutely discharged, according
to the circumstances of the case.

Compiled Laws 1897, sec. 3416; Compiled
Laws 1897, sec. 3418.

This last section was construed by this court in
Territory v. Griego, 8 N. M. 133, 140.

This question has been decided by the Supreme
Court of the United States in favor of the contention of
the Territory, and its decisions are controlling in this
court.

Ex parte Lange, 18 Wall. 173-4; Neilson,
Petitioner, 131 U. S. 187.

Also see U. S. v. Perez, 9 Wheat. 580; Kring v. Mis-
souri, 107 U. S. 225; Dealy v. U. S., 152 U. S.
542; Cooley, Constitutional Lim. (2 Ed.), p.
327; 1 Bish. Crim. Law, secs. 998, 1004, 1006;
State v. Bradley, 67 Vermont 473; State v.
Belden, 33 Wis. 121, 14 Am. 748.

But a verdict of murder in the second degree is only an implied acquittal of murder in the first degree; and if the verdict from which the inference is drawn is set aside, nothing remains to sustain the inference and the verdict and its incidents fall together, and the indictment is left to stand as to the crime of which accused was convicted, as though there had been no trial.

> Bailey v. State, 26 Ga. 579; State v. Behimer, 20 Ohio St. 572; United States v. Harding, 1 Wall Jr. 147; State v. Kittle, 2 Tyler 471, is not to the contrary.

By taking exceptions and asking for a new trial, the defendant is deemed to have waived his right to immunity from further jeopardy, in case a new trial is granted.

> People v. Palmer, 109 N. Y. 413, 420; Commonwealth v. Arnold (Ky.), 4 Am. St. 117, notes and citations; Bohanan v. State, 18 Neb. 57; State v. Kessler, 49 Pac. 293; People v. Casborus, 13 Johns. 351; People v. Murray, 89 Mich. 276.

See also People v. Trezza, 128 N. Y. 529.

One of the best considered cases is Commonwealth v. Murphy, 174 Mass. 371.

By "jeopardy" is meant, we think, lawful jeopardy from the commencement of the proceedings until their termination by a proper judgment and sentence or acquittal, or what the law regards as such.

> Com. v. Wheeler, 2 Mass. 174; Com. v. Peters, 12 Metc. (Mass.) 387; Com. v. Roby, 12 Pick. 496, 502; Com. v. Lahy, 8 Gray 459; Com. v. Gould, 12 Gray 171; McKee v. People, 32 N. Y. 239; People v. McKay, 19 Johns. 212; State v. Walters, 16 La. Ann. 400; Jones v. State, 15 Ark. 261; Turner v. State, 40 Ala. 21; Gerard v. People, 4 Ill. 362; State v. Redman, 17 Iowa 329; State v. Sutton, 4 Gill. 494;

Cooley, Const. Lim. (3 Ed.), 372; Sedg. St. and Const. Law (2 Ed.), 572, 573, note a; 2 Bish. Cr. Law (2 Ed.), sec. 672 et seq.

By obtaining a new trial the defendant forfeited any right he had under the former trial.

U. S. v. Ball, 163 U. S., p. 671; Waller v. State, 104 Ga. 505; 30 S. E. 835.


FREEMAN & CAMERON for defendant.


As a general rule appeals will lie only from final judgments.

Elliott's Appellate Procedure, sec. 80, and authorities cited.

A ruling upon a demurrer to a pleading, whether the ruling is for or against the demurring party, is not a final judgment.

Elliott, sec. 81; Slagle v. Bidner, 58 Ind. 465; Newell v. Gattling, 7 Ind. 147; Nat. Banking Co. v. Knaup, 55 Mo. 154; Ruby v. Shaw, 51 Mo. 116; Griffee v. Mann, 62 Md. 248; Elliott, sec. 84.

An interlocutory order is not appealable, although it may be on a crucial point, and may in fact be a controlling feature of the case.

Murray v. Scribner, 70 Wis. 228; Elliott, sec. 83.

The right of appeal is purely statutory.

Elliott, sec. 75, and authorities cited; People v. Majors, 3 Pac. 401.

Our statutes prescribe the character of judgments from which appeals may be taken.

Compiled Laws 1897, secs. 3406, 3410 and 3411.

DEFENDANT'S BRIEF ON THE PLAINTIFF'S APPEAL FROM THE
ORDER OF THE COURT OVERRULING ITS DEMURRER
TO THE DEFENDANT'S PLEA OF AUTREFOIS
ACQUIT.

Whenever an indictment including different grades
of crime, is submitted to the jury, and the jury find the
defendant guilty of one of the grades of the offense, they
render in contemplation of law, two verdicts, to-wit:
Not guilty, as to one grade, and guilty as to the other.

> People v. Gilmore, 4 Cal. 376.

No man can twice be put in jeopardy for the same
offense.

> State v. Cooper, 1 Green. Law 361, 25 Am.
> Dec. 490; Campbell v. State, 9 Yerg. 333, 3 Am.
> Dec. 417.

But see also People v. Keefer, 3 Pac. 820.

Having been convicted of the lower of two grades
of an offense covered by the indictment, a defendant can
not afterwards be retried for the higher grade.

> People v. Gordon (Cal.), 33 Pac. 901;
> Turner v. State (Tex.), 54 S. W. 579.

The Iowa cases are to the same effect.

> State v. Helm, 61 N. W. 249; State v.
> Tweedy, 11 Iowa 352.

As also are Slaughter v. State, 6 Humphrey 410; Jones
> v. State, 62 Am. Dec. 225 and note on p. 563;
> Ex parte Bradley, 48 Ind. 533; Hart v. State,
> 25 Miss. 378; Breman v. People, 15 Ill. 511;
> Barrett v. People, 54 Ill. 325; State v. Martin,
> 30 Wis. 215; State v. Belden, 33 Wis. 120;
> George v. State (Neb.), 80 N. W. 487; State v.
> Norvell, 2 Yerg. 24, 24 Am. Dec. 460; People v.
> Dowling, 84 N. Y. 101; Jones v. State, 13 Tex.
> 168, 62 Am. Dec. 560; State v. Chandler, 5 La.
> Ann. 489, 52 Am. Dec. 602.

The same rule prevails in Colorado, Oregon and
Washington.

Carson v. People, 36 Pac. 551; State v. Stevens, 43 Pac. 947; State v. Murphy, 43 Pac. 44; Dinkey v. Commonwealth (Pa.), 55 Am. Dec. 542; State v. Hornsby, 8 Rob. (La.) 583, 41 Am. Dec. 314-319.

The waiver of the constitutional right implied in an application for a new trial is construed to extend only to the precise thing concerning which relief is sought.

1 Bishop Cr. Law, sec. 1004-1057.

See also Roberts v. State, 58 Am. Dec. 532 and notes on page 554; Clem v. State, 46 Ind. 420; 13 Am. Dec. 369; State v. Cooper, 25 Am. Dec. 496; State v. Ross, 29 Mo. 32; Johnson v. State, 29 Ark. 31; In re Bennett, 84 Fed. 324.

This question is settled by the Supreme Court of the United States.

Dealy v. U. S., 152 U. S. 539; 14 Sup. Ct. 681; Kring v. State, 2 Sup. Ct. 449; Jennison v. Hapgood, 7 Pick. 1; Sever v. Russell, 4 Cush. 513; Payne v. Stone, 7 Pick. 75; Wilson v. Leshman, 12 Metc. 316; Searls v. Scott, 14 S. and M. 94; Mylans v. Burge, Id. 201.

In New Jersey it is held that where some progress has been made in the settlement in the orphan's court, the chancery court will not interfere, unless there is shown some good and substantial cause for doing so.

Clark v. Johnson, Stock, ch. 287, citing also Salter v. Williamson, 1 Green. ch. 280; Fry v. Demerest, 1 C. E. Green. 236; Van Mater v. Sickler, 1 Stock. ch. 483.

A similar rule exists in New York—

Seymour v. Seymour, 4 Johns. Ch. 409; Chapman v. Montgomery, 63 N. Y. 236.

OPINION OF THE COURT.

PARKER, J.—This cause was tried and resulted in a verdict of guilty of murder in the third degree. The

defendant appealed to this court, and the cause was reversed and remanded. 10 N. M. 138.

The indictment charged murder in the first degree upon which a conviction might be had in either the first, second or third degrees. After the cause was remanded, defendant interposed a plea of *autrefois acquit* as to the first and second degrees of murder charged. The Territory demurred to the plea which demurrer was overruled. The Territory then appealed to this court and seeks to review the judgment on the demurrer.

Aside from the question of the right of the Territory to appeal at all in cases not specified in the statute (Compiled Laws, sec. 3411), it must be apparent that this judgment is not a final judgment and is therefore not appealable. Jung v. Myer, 68 Pac. (N. M.) 933.

This court having no jurisdiction of the cause the appeal will be dismissed, and it is so ordered.

Mills, C. J., McFie and Baker, JJ., concur.

McMillan, J., having tried the cause below, took no part in this decision.